# EXHIBIT A

Filed
D.C. Superior Court
02/22/2017 08:22AM
Clerk of the Court

# IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

Darrell Gilmore
3056 Q Street SE
Washington, DC 20020

Darrell Nixon
3056 Q Street SE
Washington, DC 20020

Daniel Nixon
3056 Q Street SE
Washington, DC 20020

Denise Gilmore
3056 Q Street SE
Washington, DC 20020

Plaintiffs

vs.

THE DISTRICT OF COLUMBIA

SERVE: Muriel Bowser
The Wilson Building
1350 Pennsylvania Avenue, NW
Washington, D.C.20004

Karl Racine
Attorney General DC
441 4TH Street, NW
Washington, D.C.20001

and

DETECTIVE DARIN N. BOOHER
DETECTIVE THURMAN STALLINGS
DETECTIVE CRAIG SOLGAT
DETECTIVE EARL DELAUDER
SERGEANT CHRISTOPHER DORSEY
Individual and Official Capacity
Sixth District Station
5002 Hayes Street, NE
Washington, DC 20019

Civil Action No. 2017 CA 001089 B

JOHN DOE, DETECTIVE SMITH )
Sixth District Substation )
2701 Pennsylvania Avenue, SE )
Washington, DC 20019 )
)
and )
)
SEVERAL UNKNOWN POLICE OFFICERS )
D.C. Metropolitan Police Department )
in both their official and individual capacities )
Metropolitan Police Department )
5002 Hayes Street, NE )
Washington, DC 20019 )
)
Defendants. )
)

## COMPLAINT

## INTRODUCTION

1. This is a civil action for negligence, negligent supervision, and 42 U.S.C. § 1983 false arrest/imprisonment and unlawful seizure, against the individual defendants, all acting under color of law. *Respondeat Superior* applies where appropriate.

## JURISDICTION

2. Jurisdiction exists in this case pursuant to D.C. code § 11-921 (1981).[1]

## PARTIES

3. Plaintiffs were residents of the District of Columbia ("D.C.") at all times referenced herein.

4. Defendant, District of Columbia, is a municipal corporation organized pursuant to the

[1] The District of Columbia was given notice of this potential claim consistent with D.C. Code § 12-309 (2001).

laws of the United States Congress.

5. Defendant, Darin N. Booher, was employed at all times relevant herein as a Metropolitan Police Officer by the District of Columbia and is being sued in his official and individual capacities.

6. Several Unknown Police Officers were employed at all times relevant herein as members of the District of Columbia Metropolitan Police Department and are being sued in their official and individual capacities. (All Defendants will be referred to collectively as "Defendants")

## STATEMENT OF FACTS

7. On or about January 27, 2016 at 7:29 am multiple members of the Metropolitan Police Department including Defendant Darin N. Booher ("Booher") burst through the door of the home that Mr. Gilmore then shared with his six (6) children, ages 9 to 23 and his aunt Denise Gilmore.

8. On January 21, 2016, defendant(s) obtained a search warrant for the plaintiff's home Eric Smith, pursuant who previously resided at Plaintiffs' address.

9. The search warrant allowed the search and seizure of firearms, ammunition, photographs of ammunition contained on electronic devices, ski mask, brown and white shoes, and mail matter. Based upon a prior inquiry and proper due diligence, Defendants should have known that Eric Smith no longer resided at the subject address.

10. Absent an appropriate review and a reasonable confirmation that Eric Smith resided at the Q Street address, Defendants randomly executed the warrant and terrorized the residents therein, including young children and an elderly female aunt, pointed deadly weapons at them and caused them great fear and apprehension.

11. Absent corroboration and confirmation as per Eric Smith's whereabouts, Defendants had no legitimate facts nor any reasonable suspicion or probable cause to search the Gilmore's home. A simple investigation would have revealed that the Gilmores resided in the home, not the Smiths, that they were not in any way related to Eric Smith, and that Eric Smith did not live at that address. Nor were any guns being trafficked in the Gilmore house.

12. Mr. Gilmore, a single father, lived in the house with six (6) of his children and his aunt Denise Gilmore, all named plaintiffs in this claim.

13. There was no criminal activity afoot at this particular house.

14. On the early morning of January 27, 2016 while Gilmore children were preparing for school and Mr. Gilmore was in the shower, defendant police officers aggressively and violently barged into the house, armed with deadly weapons. The officers detained the partially clad children and the partially nude Mr. Gilmore – pointed weapons at them – screamed and yelled at them and caused them to fear for their lives.

15. The police officers then ransacked the home, cracked windows and removed closet doors off the hinges – no Plaintiff inquired as to the basis for their presence.

16. The police officers detained and handcuffed Mr. Gilmore as he exited the shower, he was then moved, about his home nearly naked and in handcuffs in front of this children.

17. Additionally, the officers forced Mr. Gilmore's young partially clad teenage daughter out of her bed while she and ordered her to get onto the floor.

18. Mr. Gilmore's family, including his young children, were then held at gun point.

19. At all times referenced therein, Plaintiff(s) proclaimed their innocence and sought explanations for the violent police intrusion.

20. At all times referenced herein certain policies and procedures were in place which

governed the execution of search and arrest warrants and which required reasonable inquiry and diligence regarding the verification and confirmation of criminal suspects' addresses.

21. In this instance, police due diligence consisted of a contact with Eric Smith's last school which upon information and belief notified the prior police Mr. Smith was no longer a student at the school. Upon information and belief, no further investigation or confirmation of Mr. Smith's new address or whereabouts was conducted. Mr. Smith's family had relocated from the residence on the warrant several months prior to the underlying incident.

22. At all times referenced herein, the Defendant District of Columbia failed to properly train and supervise the officers on the scenes – and those responsible for ensuring that the rights of innocent citizens would be protected – to wit, by conducting due and reasonable diligence and confirmation Mr. Smith's last known address – consistent with applicable policies and procedures.

23. The District of Columbia also failed to properly train its officers – including the Defendants herein – pertinent to the requisite due diligence and the use of force towards innocent children and women during a warrantless and or search with a warrant.

24. Upon information and belief, supervisorial police officers were on the scene and failed to take any action to protect Plaintiffs' rights.

**COUNT I**
(Negligent Infliction of Emotional Distress)

25. Plaintiffs incorporate, by reference paragraphs 1 through 24, as if fully set forth herein.

26. The applicable policies and procedures – regulations and orders regarding verification and confirmation of critical information related to execution of arrest and/or search warrants were violated by Defendants.

27. Police guns were drawn and placed in Plaintiffs faces. Plaintiffs were then physically moved about even though they presenting no threat(s) to anyone, disturbed the peace, engaged in illegal activity nor resisted any lawful command.

28. As a direct and proximate result of the defendant police officers' actions, Plaintiffs suffered significant emotional harm, embarrassment, humiliation.

WHEREFORE, plaintiffs demand judgment against the defendant officers and the District of Columbia for appropriate damages, in excess of $250,000.00 per Plaintiff.

**COUNT II**
(Negligent Training/Supervision)

29. Plaintiffs incorporate, by reference, paragraphs 1-28 as fully set forth herein.

30. On the above referenced date and time, the defendants wrongfully and unlawfully arrested and detained plaintiffs and displayed deadly force. The plaintiffs committed no act against the defendants nor any other party that would subject them to arrest, imprisonment, restraint or detention.

31. As a direct and proximate result defendants' plaintiffs actions,' plaintiffs suffered significant emotional distress, humiliation and embarrassment.

WHEREFORE, the plaintiffs demand judgment against the defendant officers and defendant District of Columbia in an amount in excess of $250,000.00 for compensatory damages against the individually named officers, plus interest and costs.

**COUNT III**
**All Defendant Officers**
**(Deprivation of Civil Rights, 42 U.S.C. §1983)**
**(False Arrest/False Imprisonment)**

32. Plaintiffs incorporate, by reference, paragraphs 1-31 as fully set forth herein. This claim is brought pursuant to the 5th Amendment to the Constitution – via which the 4th Amendment is applied to the District of Columbia.

33. Plaintiffs further allege that on January 27, 2016 the defendant officers, with deliberate indifference to and reckless disregard for their constitutional rights, in violation of the 4th and 5th Amendments to the Constitution, committed, the aforementioned detention which deprived plaintiffs of their constitutional due process of law.

34. As a direct and proximate result of defendants' actions, plaintiffs were subject to unlawful detention and arrest.

WHEREFORE, plaintiffs demand judgment against defendant officers in an amount in excess of $250,000.00 per plaintiff.

**COUNT IV**
**Deprivation of Civil Rights 42 U.S.C. §1983**
**Violation of 4th Amendment**
**(Unlawful Entry)**

35. Plaintiff hereby incorporates, by reference paragraphs 1-34 as if fully set forth herein. This claim is brought pursuant to the 5th Amendment to the Constitution – via which the 4th Amendment is applied to the District of Columbia.

36. At all times relevant herein, the officers lacked probable cause to enter Plaintiff's home when without a duly developed – appropriate warrant – they entered into Plaintiffs' home. Further, to the extent that they had probable cause, it designated upon the learning that the suspect, now his family resided at the address.

37. As a direct and proximate result of Defendants acts and omissions Plaintiff's rights were violated; Plaintiffs suffered threats of physical harm, embarrassment, humiliation, mental anguish and emotional distress.

WHEREFORE, plaintiffs demand judgement against the Defendant officers in an amount in excess of $250,000.00.

**Jury Demand**

The plaintiffs demand a trial by jury on all issues.

Respectfully submitted,

Donald Temple (408749)
1310 L Street, NW
Suite 750
Washington DC 20005
(202) 628-1101
Attorney for the Plaintiffs